# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION



**FILED**
EASTERN U.S. DISTRICT COURT ARKANSAS

APR 28 2015

JAMES _____ CLERK
By: _____
DEP CLERK

MATTHEW NUNN

      Plaintiff,

-against-

GEMINI CAPITAL GROUP, LLC
A New York Corporation

      Defendant.

Civil Action No. 4:15CV245-KGB

**JURY TRIAL DEMANDED**

This case assigned to District Judge Baker
and to Magistrate Judge Feather

## ORIGINAL COMPLAINT

Plaintiff, Matthew Nunn (Nunn), by his undersigned counsel brings this action against

Gemini Capital Group, LLC (Gemini), and states:

## STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

§1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq., violations of the Arkansas Deceptive Trade Practices

Act, Ark. Code Ann. §4-88-107(a)(10) and tort claims for invasion of privacy.

3. The acts and events complained of in this Complaint occurred within Saline

County, Arkansas.

1

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Nunn is a resident of Alexander, Saline County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7.     At the time of the incident described further herein, Gemini was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Gemini does not have a registered agent for service of process in Arkansas and is being served via the Secretary of State at its principal place of business pursuant to Ark. Code Ann. §17-24-403:

> 180 S. Broadway
> Suite 406
> White Plains, NY  40605

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.    Gemini filed a lawsuit against Nunn in the District Court of Saline County, Arkansas on September 24, 2014 alleging a consumer debt.

11.    The lawsuit and attached exhibits allege Nunn defaulted on an automobile loan with

2

the original creditor, Santander Consumer USA, Inc. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12.     Gemini asserted it purchased and was assigned the account.

13.     Upon information and belief, the automobile in question was repossessed and sold in 2008.

14.     No payments have been made on the account by Nunn since the automobile was repossessed and sold in 2008.

15.     Ark. Code Ann. §16-56-111 provides for a five year statute of limitations for bringing suit on an instrument in writing.

16.     The lawsuit filed by Gemini against Nunn was filed on September 24, 2014 which is beyond the applicable five year statute of limitations.

17.     By filing a lawsuit that is barred by the applicable statute of limitations, Gemini is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

18.     By filing a lawsuit that is barred by the applicable statute of limitations, Gemini is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

19.     By filing a lawsuit that is barred by the applicable statute of limitations, Gemini is in violation of **15 U.S.C. §1692e(5)** by taking action it could not legally take.

20.     Gemini's conduct violates the FDCPA for which strict liability applies pursuant to **15 U.S.C. §1692**, et seq.

21.     Gemini's conduct violates the FDCPA for which statutory damages apply pursuant to **15 U.S.C. §1692k(a)(2)(A).**

3

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.     The averments set forth in paragraphs 1-21 are adopted herein and incorporated as if set forth word for word.

23.     Gemini is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

a.      15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

b.      15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c.      15 U.S.C. §1692f:  Using unfair or unconscionable means to collect or attempt to collect any debt;

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

24.     The averments contained in paragraphs 1-23 are hereby incorporated as if set forth word for word.

25.     By filing a lawsuit outside the statute of limitations, Gemini was engaged in false and deceptive acts pursuant to Ark. Code Ann. **§4-88-107(a)(10).**

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26.     The averments contained in paragraphs 1-25 are hereby incorporated as if set forth word for word.

27.     Gemini intentionally intruded physically or otherwise upon Nunn's solitude or seclusion and believed or was substantially certain that it lacked the necessary legal authority or personal permission, invitation or valid consent to commit the intrusive act.

4

28.     Gemini's intrusion was of a kind that would be highly offensive to a reasonable

person as the result of conduct to which a reasonable person would strongly object.

29.     Nunn conducted himself in a manner consistent with an actual expectation of

privacy.

30.     Gemini's intrusion was a proximate cause of Nunn's damages.

## DAMAGES

31.     The averments set forth in paragraphs 1-30 are adopted herein and incorporated as if

set forth word for word.

32.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Nunn is entitled to the following damages:

    a.  actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    b.  statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C.

§1692(k)(a)(2)(A).

    c.  actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress

and humiliation.

    d.  actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

    e.  actual damages to be proven at trial for invasion of privacy.

## DEMAND FOR JURY TRIAL

33.     The averments set forth in paragraphs 1-32 are adopted herein and incorporated as

if set forth word for word.

34.     Nunn demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Nunn prays that:

5

1. He be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. He be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. He be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. He be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

5. He be granted damages as a result of invasion of privacy.

Respectfully submitted,

J.R. Andrews, Esq.   ABN 92041
**ANDREWS LAW FIRM**
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorney for Plaintiff

## IN THE DISTRICT COURT OF SALINE COUNTY, ARKANSAS
### BENTON DIVISION

FILED ON THIS

GEMINI CAPITAL GROUP, LLC                                   2014 READ N TIFF 1: 56

V.                          CASE NO. CV-14-1813

MATTHEW NUNN & LAURA NUNN                                   DEFENDANT

### COMPLAINT

Comes now Plaintiff, by and through counsel, and for its cause of action over and against Defendant, alleges and states:

1. That the Plaintiff is a financial institution authorized to do business in the state of Arkansas, and is the successor in interest to SANTANDER CONSUMER USA, INC..

2. That the Defendant is a resident of Saline County, Arkansas, and jurisdiction and venue are proper in this Court.

3. That Defendant executed a Vehicle Retail Installment Contract ("Agreement"). A copy of said Agreement is attached hereto and incorporated herein by reference as if set out word for word. Please see attached, Exhibit "A".

4. That the contract was subsequently sold, transferred and assigned to Plaintiff.

5. That Defendant defaulted on the Agreement by failing to make installment payments when due, resulting in the repossession of said vehicle. The vehicle was subsequently sold.

6. That as a direct and proximate result of Defendant's breach of the agreement, Plaintiff has suffered damages in the amount of $4,960.86, as evidenced by the Affidavit of Account which is attached hereto.

7. That demand has been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $4,960.86, for all costs herein paid and expended, for pre-judgment and post-judgment interest, reasonable attorneys' fees, and for all other proper relief.

> Allen & Withrow
> Attorneys at Law
> P.O. Box 17248
> Little Rock, AR 72222
> (501) 227-2000
>
> Teaven Stamatis (2008064)

Exhibit
1

S&A File No. 13-10144-0

STATE OF NEW YORK   )
                         ) ss.
COUTNY OF NEW YORK  )

## AFFIDAVIT OF ACCOUNT

Before me, the undersigned authority, personally appeared **Roger Neustadt**, who, being by me duly sworn, deposes as follows:

1. My full name is **Roger Neustadt**.
2. As a/an **CEO**, I am an authorized agent of Gemini Capital Group, LLC, and I or a person under my supervision has care, custody, and control of the records concerning the account of Matthew Nunn and Laura Nunn, the Defendant. I am familiar with the books and records of Gemini Capital Group, LLC and with the Defendant's account.
3. I hereby aver that this claim is true and correct to the best of my knowledge, information and belief, and is due by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to this account have been allowed.
4. These records show that a total balance of **$4,960.86**, including interest accrued at the rate of 0%, after charge off unless and until pre-judgment or post judgment interest is awarded by the court, in accordance with the terms and conditions of the agreement, is due and payable by Defendant to Plaintiff, the assignee of SANTANDER CONSUMER USA, INC., the original owner of the account.

Further Affiant sayeth not.

_____
AFFIANT - Roger Neustadt

SUBSCRIBED AND SWORN to before me this

____5____ day of _Dec___, 2013.

Notary Public:

My Commission Expires:

RYAN FEALEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FE6079472
Qualified in Nassau County
My Commission Expires August 22 2016

S&A File No. 13-10144-0

Matthew Nunn
22276450   4,960.86

**TEXAS**
Retail Installment Contract - Simple Interest

EXHIBIT
A

**1. VEHICLE DESCRIPTION**

**2. PRIMARY INTENDED USE**

**3. TRADE-IN DESCRIPTION**

**4. ITEMIZATION OF AMOUNT FINANCED**

**5. REQUIRED VEHICLE INSURANCE**

YOU ARE REQUIRED TO HAVE PHYSICAL DAMAGE INSURANCE.

**NOTICE TO THE BUYER(S)**

THIS CONTRACT IS NOT VALID UNTIL IT IS SIGNED BY YOU AND ME.

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. THIS NOTICE APPLIES ONLY IF THE GOODS AND SERVICES OBTAINED UNDER THIS CONTRACT WERE OBTAINED PRIMARILY FOR PERSONAL, FAMILY OR HOUSEHOLD USE.

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.**
THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS CONTRACT.